UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SWEET ADDITIONS INGREDIENT
PROCESSORS, LLC,

      Plaintiff,

      v.

MEELUNIE AMERICA, INC.

      Defendant.

_____/

## COMPLAINT

Plaintiff, Sweet Additions Ingredient Processors, LLC ("SAIP"), sues Defendant, Meelunie America, Inc. ("Meelunie"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000,00, exclusive of interest and costs.

2.    SAIP is a Wisconsin limited liability company with its headquarters in Palm Beach Gardens, Florida.  SAIP is registered to do business in the State of Florida.  SAIP is a wholly-owned subsidiary of Sweet Additions, LLC, a Delaware limited liability company, the two members of which are citizens of Florida and Illinois.

3.    Meelunie is a Michigan corporation. Jurisdiction exits over Meelunie pursuant to section 48.193(1), Florida Statutes because the causes of action

1

alleged herein arise from its contacts and conduct in Florida, including but not limited to (a) Meelunie having operated, conducted, engaged in, and carried out a business venture in Florida, (b) Meelunie having committed tortious acts within Florida, (c) Meelunie having caused injury to the Florida resident Plaintiffs by Defendants' acts and omissions outside of Florida while engaged in solicitation and service activities in Florida and while products and materials processed, serviced and manufactured by the Defendants were used or consumer in Florida in the ordinary course of commerce and trade, (d) as well as the Defendants having breached their contractual obligations to Plaintiffs including obligations required to be performed within Florida.  Jurisdiction also exists over the Defendants pursuant to section 48.193(2), Florida Statutes because the Defendants were engaged in substantial and not isolated activity within Florida.

4.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) because Meelunie is subject to personal jurisdiction in this District, as alleged above.

**GENERAL ALLEGATIONS**

5.     Meelunie is a supplier of plant-based starches and sweeteners, including organic tapioca starch ("Organic Tapioca Starch").

6.     SAIP sells tapioca syrup, which it manufactures from Tapioca Starch supplied by Meelunie. In recent years, Meelunie has accounted for approximately 90% of the Organic Tapioca Starch processed by SAIP.  SAIP and Meelunie historically memorialize their supply relationship on an annual basis.  At all

2

relevant times, SAIP heavily relied on Meelunie to deliver in accordance with the parties' agreement.

7.     As it had done in years past, Meelunie sent its representative to Florida for a meeting with SAIP's President in 2019, a purpose of which was to renew the parties' supply relationship for 2020.

8.     On September 16, 2019, SAIP and Meelunie entered into a new supply agreement whereby Meelunie agreed to supply SAIP with Organic Tapioca Starch (the "Supply Agreement").  A copy of the Supply Agreement is attached hereto as Exhibit A.

9.     The Supply Agreement required Meelunie to deliver to SAIP 19,841,400 pounds of Organic Tapioca Starch in 2020, or 1,653,450 pounds per month throughout 2020.

10.     By February 2020, Meelunie fell far behind on its supply obligation to SAIP.  As a result, SAIP was unable to produce Organic Tapioca Syrup to satisfy customer orders, causing SAIP to suffer substantial losses.

11.     In March 2020, SAIP told Meelunie it was imperative that Meelunie avoid future shortfalls, lest SAIP's operations suffer irreparably.  SAIP even advised Meelunie that the global pandemic could cause logistical problems and that Meelunie should secure shipping arrangements before an issue materialized.

12.     Notwithstanding SAIP's warning, and despite having had ample opportunity to secure adequate product to fulfil its contractual obligation to SAIP, Meelunie failed to perform under the Supply Agreement.  By the end of

3

2020, Meelunie delivered only 14,564,419 points of the 19,841,400 pounds of Tapioca Starch that Meelunie was required to deliver to SAIP pursuant to the Supply Agreement.

13.     Meelunie continued to disregard its contractual obligations to SAIP, delivering no Organic Tapioca Starch whatsoever in March 2021 and none again in May.

14.     While Meelunie delivered some Tapioca Starch to SAIP in April 2021, the amount delivered was approximately one-fifteenth of the required monthly amount.

15.     To date, Meelunie still has not delivered the 19,841,400 pounds of Organic Tapioca Starch it agreed to delivered by the Supply Agreement.

16.     All conditions precedent have occurred or been waived.

**COUNT I**
**BREACH OF CONTRACT**

17.     SAIP realleges its allegations in paragraphs 1- 16 as if fully set forth herein.

18.     SAIP and Meelunie entered into the Supply Agreement.

19.     Meelunie materially breached the Supply Agreement by failing to provide the agreed-to quantity of Organic Tapioca Starch.

20.     As a result of Meelunie's breach of the Agreement, SAIP suffered damages.

WHEREFORE, SAIP demands damages, prejudgment interest, and costs against Meelunie and such other and further relief as the Court deems just and proper.

4

**COUNT II**
**BREACH OF IMPLIED COVENENT OF DUTY OF**
**GOOD FAITH AND FAIR DEALING**

21.     SAIP realleges its allegations in paragraphs 1- 16 as if fully set forth herein.

22.     SAIP and Meelunie ae parties to the Supply Agreement, which required Meelunie to act in good faith in delivering a particular amount of Tapioca Starch to SAIP.

23.     Under Florida law, there is an implied covenant of good faith and fair dealing that is part of every contract and which requires all contracting parties to act in good faith and to carry out fairly the contract and its terms.

24.     Meelunie failed to act in good faith. It breached the covenant of good faith and fair dealing by failing to ensure that there was sufficient Tapioca Starch to fulfil its obligations to SAIP.   SAIP warned Meelunie that shipping problems were likely during a pandemic, and asked Meelunie to secure Tapioca Starch before any problem arose, but Meelunie ignored SAIP.

25.     As a result of Meelunie's breach of the covenant of good faith and fair dealing, Meelunie deprived SAIP of the benefit of the Supply Agreement and caused SAIP to suffer damages.

WHEREFORE, SAIP demands damages, prejudgment interest, and costs against Meelunie and such other and further relief as the Court deems just and proper.

Mauro Law | 1001 Yamato Road, Suite 401, Boca Raton, Florida 33431 | 561.202.1992 | www.MauroLawFirm.com

**MAURO LAW P.A.**

    */s/ C. Cory Mauro*
C. Cory Mauro
Florida Bar No. 384739
1001 Yamato Road, Suite 401
Boca Raton, FL 33431
cory@maurolawfirm.com
service@maurolawfirm.com
Tel. 561-202-1992