UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-81141-SINGHAL/MATTHEWMAN

SWEET ADDITIONS INGREDIENT
PROCESSORS, LLC.,

    Plaintiff/Counterclaim Defendant,

v.

MEELUNIE AMERICA, INC.,

    Defendant/Counterclaim Plaintiff.

_____/

FILED BY KJZ D.C.

Nov 29, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## OMNIBUS DISCOVERY ORDER

**THIS CAUSE** is before the Court upon the following: (1) Plaintiff/Counterclaim Defendant Sweet Additions Ingredient Processors, LLC's ("Sweet Additions") Supplemental Motion to Compel ("Supplemental Motion") [DE 72]; (2) Defendant/Counterclaim Plaintiff Meelunie America, Inc.'s ("Meelunie") Response [DE 74]; (3) Sweet Addition's Reply [DE 76]; (4) Meelunie's Motion to Compel Discovery Responses ("Motion to Compel") [DE 73]; (5) Sweet Addition's Response [DE 77]; and (6) Meelunie's Reply [DE 78] . The Court held a hearing on Sweet Addition's Supplemental Motion and Meelunie's Motion to Compel via Zoom video teleconference (VTC) on November 22, 2022.

    **I.**    **The Continuing "Sticky" Discovery Disputes in This Case**

This case is all about a very sticky substance—tapioca syrup. Pursuant to a contract between the parties, Sweet Additions has been manufacturing tapioca syrup from the organic tapioca starch supplied to it by Meelunie. Both parties claim breach of contract, apparently asserting that their very sweet deal turned sour. Specifically, Sweet Additions claims that Meelunie

1

failed to supply all of the organic tapioca starch it was required to supply Sweet Additions under the contract, while Meelunie conversely claims that Sweet Additions did not pay in full for all of the organic tapioca starch it did supply to Sweet Additions pursuant to the contract. [DEs 1, 18].

Discovery has been a sticky wicket. This case was filed on June 29, 2021 [DE 1], approximately 17 months ago. The Order Setting Discovery Procedure [DE 16] was entered thereafter by the Court on August 27, 2021. Yet, the very first discovery motion in this case was not filed until April 8, 2022 [DE 29], just shortly before the then-pending discovery cutoff date of April 28, 2022 [DE 14]. Since that time, the discovery deadline was extended at the requests of the parties to July 26, 2022 [DE 39], then again to September 26, 2022 [DE 43], and then finally to October 24, 2022 [DE 56]. Despite the close of discovery on October 24, 2022, the parties continue to bicker and argue about each side's alleged failure to produce discovery in full. Both pending discovery motions [DEs 72, 73] addressed in this discovery order were filed well after the October 24, 2022 discovery cutoff date but both purport to relate to failure to produce discovery previously ordered by the Court in prior orders.[1] Thus, the Court will address them.

While the parties' counsel seemingly argue in syrupy tones that their side has been fully cooperative in discovery and the other side has improperly withheld discovery, the truth is that both sides to some extent have belabored and unnecessarily delayed the discovery process. The parties have filed 28 discovery related motions, responses, replies and notices [DEs 29, 31, 33, 36, 38, 40, 42, 44, 45, 48, 49, 51, 54, 55, 57, 59, 61, 62, 63, 66, 69, 70, 72, 73, 74, 76, 77, 78]. The Undersigned has entered approximately 15 discovery related orders [DEs 30, 32, 34, 37, 41, 46,

---

[1] However, Sweet Addition's Supplemental Motion was filed pursuant to the Court's October 25, 2022 Order Granting Plaintiff's Motion to Compel [DE 68], which granted Sweet Addition's October 14, 2022 Motion to Compel [DE 61].

2

47, 50, 53, 58, 60, 64, 68, 71, 75] not including this Order. The Court has held at least 3 discovery hearings [DEs 52, 67, 80]—including the hearing on November 22, 2022—in an effort to get the parties to cooperatively resolve their discovery disputes. All to no avail.

Both sides now want to take several additional depositions and obtain additional discovery, while Sweet Additions additionally seeks to obtain sanctions against Meelunie for Meelunie's error-filled discovery production. It is with this background that the court now rules on the pending motions.

## II.     Limited Further Depositions

Sweet Additions seeks to take further depositions of Joe Steckel, Todd Watts, and David Abbeg [DE 72 at 13], while Meelunie wants to take further depositions of Ken Valdivia and Kelly Perque [DE 73 at 6]. Not because the parties have not had an opportunity to depose those deponents before, but rather because they allegedly need additional or further depositions based on late produced discovery from the other side. While the Court is reluctant to allow any additional depositions after the parties have belabored the discovery process, as discussed during the November 22, 2022 Zoom VTC hearing, the Court will allow Sweet Additions to continue its deposition of David Abbeg (limited to five additional hours), and will allow Meelunie to conduct a second deposition of Ken Valdivia, limited to documents regarding inventory of organic tapioca starch and sales of tapioca syrup during the relevant time period, as discussed below. As announced in open Court, these depositions shall be completed no later than **December 7, 2022**. No other depositions shall be permitted.

### III. Further Discovery Demanded

In its Supplemental Motion [DE 72]—outside of sanctions—Sweet Additions essentially seeks to ascertain "whether the corrected production of October 25, 2022 satisfactorily addresses all of the improper redactions" and "whether the production is complete." [DE 72 at 4, 12]. Meelunie, in turn, in its Motion to Compel [DE 73], "requests that [Sweet Additions] be compelled to produce the documents 'demonstrating inventory and ability to pay for additional inventory,' including but not limited to accounts payable information regarding Meelunie as well as copies of the invoices for the relevant time period." [DE 73 at 5].

After hearing from the parties during the November 22, 2022 Zoom VTC hearing, the Court rules as follows:

1. On or before **November 29, 2022**, Meelunie shall file an affidavit or declaration from Mr. Abbeg stating that he, on behalf of Meelunie, has reviewed the full discovery production and that all discovery has been produced pursuant to a diligent search and inquiry, if that is in fact the case. The Court expects that such assertion will necessarily address whether the October 25, 2022 production "satisfactorily addresses all of the improper redactions." If Meelunie discovers any additional documents that are relevant and proportional, those documents shall also be produced by **November 29, 2022**.

2. Similarly, on or before **November 29, 2022**, Sweet Additions shall file an affidavit or declaration from Ken Valdivia, on behalf of Sweet Additions, attesting that all documents regarding inventory of organic tapioca starch have been produced and that all records of sales of tapioca syrup during the relevant time period have been produced,

4

if that is in fact the case.[2] Mr. Valdivia shall also attest, if true as stated at the hearing, that Meelunie was Sweet Addition's only supplier of organic tapioca starch during the relevant time period and that there was therefore no other inventory or documents related thereto. If Sweet Additions discovers any additional documents pertaining to the inventory of organic tapioca starch or record of sales of tapioca syrup during the relevant time period, those documents shall be produced on or before **November 29, 2022**.

### IV.   Sanctions

1. Rule 37(b)(2) Sanctions

Sweet Additions requests "the imposition of . . . monetary and nonmonetary sanctions," including sanctions under Rule 37(b)(2). [DE 72 at 10, 13]. Under Federal Rule of Civil Procedure 37(b)(2), if a party fails to comply with a discovery order, then the Court may impose the following sanctions:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;

---

[2] While Meelunie notes that "[o]n November 7, 2022, [Sweet Additions] provided a Sixth Supplemental Production that appears to be end of the month snapshots of organic tapioca starch inventory on hand for the relevant period . . . [but] did not provide any inventory documents with respect to other ingredients used in making the syrup" in its Motion to Compel—thereby seeming to request inventory *other* than organic tapioca starch—Meelunie clarified during the November 22, 2022 Zoom VTC hearing that by requesting inventory on hand, it meant inventory of organic tapioca starch. Indeed, as stated by Meelunie's counsel, Meelunie needed to know what tapioca starch Sweet Additions had on hand to supply to their other customers. Counsel stated that Meelunie was trying to find out if Sweet Additions had a sufficient supply of organic tapioca starch to make tapioca syrup to provide to its customers. In this regard, Meelunie's counsel noted that Sweet Additions was claiming damages because Meelunie was allegedly unable to supply organic tapioca starch. Counsel stated that he therefore needed to know Sweet Addition's supply of organic tapioca starch on hand to determine the veracity of Sweet Addition's assertion of damages in connection with organic tapioca starch supply issues.

>   (v)   dismissing the action or proceeding in whole or in part;
>   (vi)  rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

District courts possess wide discretion over the discovery process and when discovery sanctions are appropriate; however, "a district court may only impose a severe sanction, such as dismissal of an action, when it has been established that the offending party's failure to comply with its discovery obligations is due to the party's willfulness, bad faith, or fault." *Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10–24310–CIV, 2011 WL 6190160, at *4 (S.D. Fla. Dec. 2, 2011). The severe sanctions permitted by Rule 37(b)(2) are usually only imposed by district courts upon a finding "(1) that the party's failure to comply with the order was willful or a result of bad faith, (2) the party seeking sanctions was prejudiced by the violation, and (3) a lesser sanction would fail to adequately punish and be inadequate to ensure compliance with court orders." *Id.* at *5; *Taylor v. Bradshaw et al.*, No. 11-80911-CIV-Marra/Matthewman, 2015 WL 11256306, at *3 (S.D. Fla. Apr. 8, 2015) *report and recommendation adopted as modified*, No. 11-80911-CIV, 2015 WL 11254712 (S.D. Fla. May 11, 2015), *aff'd sub nom. Taylor v. Bradshaw et al.*, No. 15-15027, 2018 WL 3414344 (11th Cir. July 13, 2018).

The Court has carefully considered the relevant law, Sweet Addition's Supplemental Motion, Meelunie's Motion to Compel, the responses and replies thereto, as well the entire docket in this case. In doing so, the Court finds that Rule 37(b)(2) sanctions are inappropriate. While Sweet Additions takes issue with the numerous discovery production "blunders" by Meelunie, as stated during the November 22, 2022 Zoom VTC hearing, the Court finds no willful failure to produce discovery or bad faith misconduct on behalf of Meelunie or Meelunie's counsel. Rather,

the Court finds that Meelunie's discovery production has been at worst haphazard, negligent or mistaken. Meelunie's conduct does not rise to the level justifying the imposition of serious sanctions under Rule 37(b)(2) as sought by Sweet Additions. In fact, discovery production and good faith cooperation has been deficient on *both* sides and the Court has not been impressed with the discovery conduct of all parties to this lawsuit. However, although the Court finds sanctions against Meelunie under Rule 37(b)(2) inappropriate, the Court must next consider whether an award of monetary expenses is appropriate pursuant to Rule 37(a).

    2. Rule 37(a) Expenses

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, or if the disclosure or requested discovery is provided after the discovery motion was filed, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order such payment if: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Here, Sweet Additions requested, *inter alia*, "reasonable expenses, including attorneys' fees, incurred in connection" with its October 14, 2022 Motion to Compel [DE 61]. The Court granted that motion, noting that "under Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and 37(a)(5)(A), . . . fee-shifting may be appropriate against Meelunie due to the Court's granting . . . of the Motion [DE 61]." [DE 68 at 4]. To this end, the Court "reserve[d] jurisdiction to award

7

Sweet Additions its expenses and attorney's fees in connection with bringing" the Motion to Compel [DE 61], stating that it would "enter a further order in this regard at a later date and time." *Id.* Further, Sweet Addition's Supplemental Motion [DE 72] is an extension of its Motion to Compel [DE 61]. In its Supplemental Motion, Sweet Additions requests, in part, monetary sanctions for the "significant time reviewing the faulty production materials" and for its efforts in connection with both the Supplemental Motion [DE 72] and the Motion to Compel [DE 61]. [DE 72 at 10–12].

There is little doubt that Meelunie's admitted discovery production issues have caused Sweet Additions additional unnecessary expense. Meelunie's discovery production has been haphazard, negligent in part, and has caused unnecessary delay during the discovery process. It was not until after Sweet Additions filed motions to compel that Meelunie produced additional responsive documents. Accordingly, pursuant to Rule 37(a)(5)(A), the Court finds that an award of reasonable expenses incurred in making the Motion to Compel [DE 61], including attorney's fees, is appropriate, and that none of the exceptions under Rule 37(a)(5)(A) are applicable. Likewise, the Court also finds that an apportionment of the reasonable expenses in connection with Sweet Addition's Supplemental Motion [DE 72] is appropriate pursuant to Rule 37(a)(5)(C).[3]

Nonetheless, while the Court is awarding expenses under Rule 37(a)(5)(A) in connection with Meelunie's Motion to Compel [DE 61] and further apportioning expenses in connection with Sweet Addition's Supplemental Motion [DE 72], the Court is not going to allow Sweet Additions

---

[3] This is because, as stated below, the Court is granting in part and denying in part Sweet Addition's Supplemental Motion [DE 72]. The Supplemental Motion is also somewhat intertwined with Sweet Addition's Motion to Compel [DE 61]. However, as stated below, the Court declines to apportion the Rule 37(a) expenses in connection with granting Meelunie's Motion to Compel [DE 73] in part in light of the facts of the discovery dispute and Meelunie's failure to request such expenses in its Motion to Compel [DE 73].

extensive or unreasonable time, time spent deposing witnesses, or time spent reviewing discovery, as much of that time would already need to have been utilized by Sweet Additions in preparing its case. The Court will order Meelunie to pay an award of expenses, including reasonable attorney's fees, relating to the litigation of those two Motions [DE 61, 72] as specifically circumscribed above.

With this information in mind, the Court encourages the parties to confer in good faith to come to an agreement concerning a reasonable amount of expenses, including attorney's fees, to be paid by Meelunie to Sweet Additions. Should the parties reach such an agreement as to the amount to be paid by Meelunie to Sweet Additions, they shall notify the Court on or before **December 12, 2022** and the Court will enter an Order thereon. Should the parties be unable to reach an agreement as to the proper amount, on or before **December 12, 2022**, Sweet Additions shall file an affidavit or declaration of reasonable expenses, including costs and attorney's fees, including the hours claimed and hourly rate sought, as well as the billing logs for each biller and a statement concerning their qualifications and/or experience. Thereafter, on or before **December 16, 2022**, Meelunie and its counsel shall respond and state any objections it wishes to assert as to the amount of reasonable expenses, including costs and attorney's fees, claimed by Sweet Additions, as well as any objections to the time sought or hourly rate claimed. Sweet Additions shall then be permitted to file a reply on or before **December 21, 2022**. The Court will then enter a further order as to the amount awarded.

## V.   Conclusion

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Sweet Addition's Supplemental Motion [DE 72] is **GRANTED IN PART AND DENIED IN PART,** as stated herein. Specifically, the Court will allow Sweet Additions to continue its deposition of David Abbeg (limited to five additional hours). Such deposition shall be completed no later than **December 7, 2022**. Further, on or before **November 29, 2022**, Meelunie shall file an affidavit from Mr. Abbeg stating that he, on behalf of Meelunie, has reviewed the full discovery production and that all discovery has been produced pursuant to a diligent search and inquiry, if that is in fact the case. The Court expects that such assertion will necessarily address whether the October 25, 2022 production "satisfactorily addresses all of the improper redactions." If Meelunie discovers any additional documents that are relevant and proportional, those documents shall also be produced by **November 29, 2022**. The Court will also **GRANT** both Sweet Addition's Supplemental Motion [DE 72] and Motion to Compel [DE 61] to the extent that they seek monetary Rule 37(a) expenses. The Court encourages the parties to confer in good faith to come to an agreement concerning a reasonable amount of expenses, including attorney's fees, to be paid by Meelunie to Sweet Additions. Should the parties reach such an agreement as to the amount to be paid by Meelunie to Sweet Additions, they shall notify the Court on or before **December 12, 2022** and the Court will enter an Order thereon. Should the parties be unable to reach an agreement as to the proper amount, on or before **December 12, 2022**, Sweet Additions shall file an affidavit or declaration of reasonable expenses, including costs and attorney's fees, including the hours claimed and hourly rate

sought, as well as the billing logs for each biller and a statement concerning their qualifications and/or experience. Thereafter, on or before **December 16, 2022**, Meelunie and its counsel shall respond and state any objections it wishes to assert as to the amount of reasonable expenses, including costs and attorney's fees, claimed by Sweet Additions, as well as any objections to the time sought or hourly rate claimed. Sweet Additions shall then be permitted to file a reply on or before **December 21, 2022**. The Court will then enter a further order as to the amount awarded. However, while the Court is allowing Rule 37(a) expenses, the Court will **DENY** Sweet Addition's Supplemental Motion to the extent Sweet Additions requests Rule 37(b)(2) sanctions.

2. Additionally, Meelunie's Motion to Compel [DE 73] is **GRANTED IN PART AND DENIED IN PART,** as stated herein. Specifically, the Court will allow Meelunie to conduct a second deposition of Ken Valdivia, limited to documents regarding inventory of organic tapioca starch and sales of tapioca syrup during the relevant time period. Such deposition shall be completed no later than **December 7, 2022**. Further, on or before **November 29, 2022**, Sweet Additions shall file an affidavit from Ken Valdivia, on behalf of Sweet Additions, attesting that all documents regarding inventory of organic tapioca starch have been produced and that all records of sales of tapioca syrup during the relevant time period have been produced, if that is in fact the case. Mr. Valdivia shall also attest, if true as stated at the hearing, that Meelunie was Sweet Addition's only supplier of organic tapioca starch during the relevant time period and that there was therefore no other

inventory or documents related thereto. If Sweet Additions discovers any additional documents pertaining to the inventory of organic tapioca starch or record of sales of tapioca syrup during the relevant time period, those documents shall be produced on or before **November 29, 2022**. However, the Court declines to apportion Meelunie its Rule 37(a) expenses in connection with granting the motion in part in light of the facts of the discovery dispute and Meelunie's failure to request such expenses in its Motion.

3. The remainder of Meelunie's Motion for Extension of Time to Comply [DE 69]—wherein Meelunie requested that the Court "excuse [its] late production" and upon which the Court reserved ruling in part [DE 71]—is **GRANTED** to the extent stated in this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of November, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge